THE STATE OF KANSAS, *on the relation of F. B. Dawes, Attorney General,* v. J. K. BAILEY, *as County Clerk of Franklin County.*

No. 10434.

1. TAXATION—*Power of Legislature.* The legislature has no power to provide for raising revenue to defray expenses of the state for more than two years at one time; and so much of paragraph 6383 of the General Statutes of 1889 as attempted to provide for raising a fund after the expiration of the two succeeding fiscal years is void.

2. TAXES, *Mode of Levying.* The legislature may levy taxes by requiring a gross sum to be collected from the taxable property of the state, as well as by fixing a rate per cent.

3. STATE UNIVERSITY, *Tax for.* Section 2 of chapter 226 of the Laws of 1895 is valid as a provision for raising the sum of $100,000 per year for the support of the state university for the years ending June 30, 1896, and 1897.

*Original Proceeding in Mandamus.*

THE case is stated in the opinion.

*F. B. Dawes,* attorney general, for plaintiff.

*H. P. Welsh,* for defendant.

The opinion of the court was delivered by

ALLEN, J. : This is an action brought in this court, by the attorney general, to compel the defendant, as county clerk of Franklin county, to place on the tax rolls of that county the sum of $1,501.24, this being the share of taxes for the support of the state university apportioned to Franklin county. The defendant moves to quash the alternative writ heretofore issued herein, on the ground that no valid levy was made by the legislature for this purpose.

By chapter 12 of the Laws of 1895, the legislature appropriated for current expenses of the university

for the year ending June 30, 1896, the sum of $100,-000, and a like sum for the succeeding year. Section 3 of the act provides as follows :

"The sums appropriated under section 2 of this act shall be paid out of the fund created by the act entitled 'An act to provide for the government and maintenance of the university of Kansas,' which took effect February 27, 1889, 'as amended by the Laws of 1895, and if the funds created by.this act are not sufficient, then the balance to meet this appropriation shall be paid out of any money in the treasury not otherwise appropriated.'"

The act of 1889 referred to, and which appears in the General Statutes of that year as paragraph 6383, provides for a levy sufficient to create a fund of $75,-000 per year for the year ending June 30, 1891, and each succeeding year thereafter. By section 2 of chapter 226 of the Laws of 1895, this section is amended so as to increase the fund to be raised to $100,000 per annum.

Objections are raised against the validity, both of the act of 1889 and the amendments of 1895, on the grounds that the legislature has no power to provide for raising revenue for more than two years, and that the only manner in which the legislature can levy a tax is by fixing a rate per cent. on the taxable property. It is claimed that, the original section being void, it could not be amended, and that chapter 226 of the Laws of 1895 is wholly inoperative on this ground, and also on the further ground that the title to the act fails to express its subject.

Section 3 of article 11 of the constitution provides : "The legislature shall provide at each regular session for raising sufficient revenue to defray the current expenses of the state for two years." This section imposes on the legislature at each biennial session a duty

to levy taxes for the ensuing two years. That duty must be fully performed by the legislature at each regular session, and one body of legislators cannot, by making a continuing levy, encroach on the province of a succeeding one. The act of 1889 was valid as a levy for two years only. There is no force in the contention that the legislature can only levy taxes by fixing a rate per cent. on the valuation of the property. The constitution nowhere restricts the legislature to any particular form of raising revenue. The title of chapter 226 of the Laws of 1895 is as follows: "An act amending sections 6380 and 6383 of the General Statutes of 1889, and repealing said original sections."

The contention that this act is invalid because the act of 1889 had spent its force, and is therefore not a law capable of amendment, is not sound. It was a valid law for raising revenue for two years. It had a continuing force until amended for various purposes, among others, the collection of the amount levied wherever the same remained delinquent, and as a basis for all the necessary tax proceedings provided for its collection. It was never a mere nullity, and the legislature had ample power to amend it. The title to chapter 226 of the Laws of 1895 refers specifically to the sections amended and is unexceptionable in form.

By paragraph 6928 of the General Statutes of 1889, it is made the duty of the state board of equalization to apportion the amount of taxes for state purposes among the several counties in proportion to the value of the taxable property therein, and paragraph 6930 makes it the duty of the county clerk in each county to determine the rate per cent. necessary to raise the taxes required for state purposes as determined by the state board of equalization, and place the same upon

the tax rolls of the county. It is the clear duty of the county clerk in each county to charge up against the taxable property the taxes required to be raised for the support of the university by the statutes under consideration.

The motion to quash, the writ is overruled, and judgment entered for the plaintiff.

All the Justices concurring.