J. M. HARPER v. THE CITY OF CONWAY SPRINGS *et al.*

**No. 561.**   ( 58 Pac. 488.)

TAXATION—*Levy of State Taxes—Presumption.* The proposition of law which controls the decision in this case is as follows: " Presumably, public officers perform their duties as the law requires; and where it is shown that a levy for taxes was made by the board of county commissioners, which under some circumstances would be legal and under other would be excessive and illegal, it will be presumed, in the absence of evidence showing the existence of conditions that would make it excessive, that the board acted within the law in making the levy, and that it is legal." (*Bergman v. Bullitt*, 43 Kan. 709, 23 Pac. 438.)

Error from Sumner district court; J. A. BURNETTE, judge. Opinion filed October 12, 1899. Reversed.

39—9 KAN. APP

## STATEMENT.

In this action the plaintiff in error, as plaintiff, sought to recover from the defendants in error four lots in the city of Conway Springs. The plaintiff claimed under a tax deed issued by the county clerk of Sumner county, and based upon a tax sale made for the taxes of the year 1888. The defendants answered, admitting their possession of the premises and denying all other allegations of the petition. The final trial resulted in a judgment in favor of the defendants, the court holding the tax deed void. Findings of fact and conclusions of law as made by the court are as follows :

### "FINDINGS OF FACT.

' 1. That the tax deed introduced in evidence by the plaintiff and under which the plaintiff claims title to the real estate in controversy in this action is regular upon its face, and, so far as anything contained in said tax deed is concerned, appears to be valid.

"2. That the total amount of taxable property in Sumner county, Kansas, in the year 1888, as equalized by the state board of equalization, was $7,871,241.04.

"3. That the amount of state taxes apportioned to Sumner county by the state board of equalization for the year 1888 was $32,272.09.

"4. That the rate per cent. levied for state purposes in Sumner county, Kansas, on the taxable property in said county for the year 1888 was four and one-half mills."

### "CONCLUSIONS OF LAW.

"1. That the rate per cent. levied for state purposes on the taxable property of Sumner county for the year 1888 was excessive and illegal.

"2. That the tax deed under which the plaintiff claims title to the property in controversy is void."

The evidence introduced by the defendants consisted of a certificate from the auditor of state dated August

Harper v. Conway Springs.

1, 1888, showing the apportionment of the state taxes for Sumner county for that year, and a certain paper prepared by the county clerk as a memorandum sheet, whereon the tax levies for various purposes in that year were set forth, and which showed the state levy to be four and one-half mills.   The plaintiff objected to the introduction of the foregoing evidence, but the objection was overruled.   In rebuttal, the plaintiff offered to prove from the public records that the lots in question were valued at the sum of fifteen dollars each in 1888 for the purpose of taxation ; and that in the calculation of the taxes to be levied against such lots each lot was taxed for the state, county, and all other purposes except for school purposes, eighty-six cents when the property tax against each lot under the levy should have been eighty-six and one-fourth cents.   The court refused to receive the offered evidence.

*Levi Ferguson*, and *James Lawrence*, for plaintiff in error.

*W. W. Schwinn*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. :   "By paragraph 6948 of the General Statutes of 1889, it is made the duty of the state board of equalization to apportion the amount of the taxes for state purposes among the several counties, in proportion to the valuation of the taxable property therein, and paragraph 6930 makes it the duty of the county clerk in each county to determine the rate per cent. necessary to raise the taxes required for state purposes, as determined by the state board of equalization, and place the same upon the tax-rolls of the county." (*The State, ex rel., v. Bailey*, 56 Kan. 81, 42 Pac. 373.)

Section 225 of chapter 158, General Statutes of 1897 (Gen. Stat. 1899, § 7370), reads: .

"If after the settlement by the county treasurer of any county in November of each year as provided in section 99, chapter 34, of the Session Laws of 1876, there shall remain due from such county any portion of the state tax levied for the preceding year, the auditor of state on the second Monday of July in each year succeeding the said November settlement shall report to the county clerk of such county the amounts of such unpaid tax, and the county clerk shall determine the rate per cent. necessary to raise the said amount, and shall place the same' on the tax-roll in addition to the regular levy for state purposes, and the same shall be collected by the county treasurer and paid into the state treasury as are other state taxes."

The true rate for the year 1888 to raise Sumner county's apportionment of the state tax was four and one-tenth mills, while the evidence introduced by the defendants shows the rate as fixed by the county clerk to have been four and one-half mills, an increase of ten per cent. in the state levy. Giving the presumption that the county clerk duly performed his official duty in respect to the tax-roll its due weight, the inquiry arises whether under any circumstances he could legally have entered on the tax-roll the rate for state taxes at four and one-half mills. It is manifest that if, under the provision of section 225, *supra*, the auditor of state reported to the county clerk of Sumner county that a balance of state tax was due from such county for the year 1887, it became the duty of the county clerk to add to the regular levy for state purposes the rate per cent. necessary to raise such balance due the state. In the absence of evidence in behalf of the defendants upon this point the presumption arising in the premises was not overthrown, and the

Harper v. Conway Springs.

tax deed should have been held valid.   For the same reason the demurrer to the evidence introduced by the defendants should have been sustained.   In *Bergman v. Bullitt*, 43 Kan. 709, 23 Pac. 938, one paragraph of the syllabus reads:

" Presumably, public officers perform their duties as the law requires ; and where it is shown that a levy for taxes was made by the board of county commissioners, which under some circumstances would be legal and under other would be excessive and illegal, it will be presumed, in the absence of evidence showing the existence of conditions that would make it excessive, that the board acted within the law in making the levy, and that it is legal."

Referring to the plaintiff's objection to the introduction of the memorandum made by the county clerk showing the taxes levied in 1888, we think it not the best evidence available.   The law requires the county clerk to place the rate per cent. determined by him as necessary to raise the taxes required for state purposes upon the tax-roll of the county, and there is no requirement that any other record of the matter shall be kept.   Hence, the tax-roll is the best evidence to show such rate per cent.

The evidence offered by the plaintiff in rebuttal concerning the tax actually levied against each of the lots in controversy for the year 1888 was entirely immaterial and the court properly refused to admit it. The judgment of the district court will be reversed and the cause remanded for a new trial.