(November 4, 1911.)'

## ROBERT C. SIMS, Appellant, v. MILWAUKEE LAND CO., a Corporation, Respondent.

[119 Pac. 37.]

FERRIES—LICENSE—RECORD OF BOARD OF COMMISSIONERS—SUFFICIENCY OF PROOF.

(Syllabus by the court.)

1. Where application is made for a ferry license and a license is authorized and granted by the board of county commissioners, it will be presumed that the board performed their duties as required by law and that such license was issued according to law and is valid upon its face, and in the absence of evidence to the contrary is *prima facie* sufficient to show the right of the party to whom the license was issued to construct and operate such ferry.

2. Where the board of county commissioners, upon an application for a ferry license, takes all the steps required by statute but mislay or lose the papers and documents filed by the applicant and such papers and documents cannot be produced, and the board has failed to make a record of such proceedings, then and in such case it is proper for the applicant to show by oral testimony what the board in fact did do, and the board's entire proceedings. This would in no way contradict the record of the board, and was the only way to prove the acts of the board, and was the best evidence obtainable for the purpose of proving such matter.

3. The statutes of this state require certain proceedings to be taken by the applicant and the board of county commissioners in granting a ferry license, and if the statutory proceedings are taken and the board issues a license, such license will be held valid notwithstanding the fact that the complete proceedings of the board were not made a matter of record on the minute-book.

4. Under the provisions of secs. 1911 and 1912, Rev. Codes, the board of county commissioners are required to keep a minute-book in which must be recorded all orders and decisions made by them and the daily proceedings had at all regular and special meetings, but the statute does not make this requirement a jurisdictional matter; in other words, the statute does not make the recording upon the minute-books a prerequisite to the validity of the acts and proceedings of the board; while the statute does direct that such matters be recorded, yet the proceedings are not invalid by reason of the failure to so record such matters.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robert N. Dunn, Judge.

Action to recover damages for injury to and interference with a ferry across the St. Joe river. Judgment for respondent, and plaintiff appeals. Judgment *reversed*.

McFarland & McFarland, for Appellant.

"Commissioners' proceedings are supposed to be regular." (*Goddard v. Stockman*, 74 Ind. 400; *Loesnitz v. Seelinger*, 127 Ind. 422, 25 N. E. 1037, 26 N. E. 887; *State v. Crawford*, 39 Wis. 596.)

The license should have been admitted without appellant's being required to prove any of the proceedings of the board, had or taken, prior to the issuance of the license, because it is presumed that an officer does his duty and that his proceedings are correct. (20 Cent. Dig., tit. "Evidence," par. 500; *Bryson v. Johnson Co.*, 100 Mo. 76, 13 S. W. 239; *In re Tecumsah Townsite Case*, 3 Neb. 267.)

"Official acts of public officers are presumed to have been rightfully done. Hence, acts done, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the former acts." (16 Cyc. 1076, par.

e; *Colo. Fuel & Iron Co. v. State Board etc.,* 14 Colo. App. 84, 60 Pac. 367; *Spaulding v. Howard,* 121 Cal. 194, 53 Pac. 563; *Guy v. Washburn,* 23 Cal. 111; *Valley Tp. v. King Mfg. Co.,* 4 Kan. App. 622, 45 Pac. 660.)

Parol testimony of the contents of a lost ordinance and other lost records may be received. (*Grace v. City of Bonham,* 26 Tex. Civ. App. 161, 63 S. W. 158; *Ex parte Canto,* 21 Tex. App. 61, 57 Am. Rep. 609, 17 S. W. 155; *Gulf Ry. Co. v. Calvert,* 11 Tex. Civ. App. 297, 32 S. W. 246; *In re Will of Warfield,* 22 Cal. 51, 83 Am. Rep. 49; 20 Cent. Dig., tit. "Evidence," secs. 583–587; *Trumble v. Williams,* 18 Neb. 144, 24 N. W. 716; *Wells v. Jackson,* 47 N. H. 235, 90 Am. Dec. 575; *Jackson v. Crawfords,* 12 Wend. (N. Y.) 536; *Hare v. Hollomon,* 94 N. C. 14; *Isley v. Boon,* 109 N. C. 555, 13 S. E. 795; *Drake v. Kinsell,* 38 Mich. 232; *Seaboard Nat. Bank v. Ackerman* (Cal. App.), 116 Pac. 91.)

J. L. McClear, and F. M. Dudley, for Respondent.

As the board of county commissioners is a board of inferior jurisdiction, there is no presumption of law in its favor, and its jurisdiction must be established, and the record of its proceedings establishing the ferry must recite the facts giving the board such jurisdiction. (19 Cyc. 496; *Givens v. Ferguson's Heirs,* 6 T. B. Mon. (Ky.) 186; *Rees v. Lawless,* 1 Bibb (Ky.), 493.)

"County boards are bodies with special and limited jurisdiction, and all facts necessary to give jurisdiction must affirmatively appear upon the records of their proceedings; otherwise the presumption is against their jurisdiction." (11 Cyc. 397, 398.)

The validity of their proceedings must appear from their records and can be shown in no other way. (*Conger v. Commissioners,* 4 Ida. 740, 5 Ida. 347, 48 Pac. 1064; *Miller v. Smith,* 7 Ida. 204, 61 Pac. 824; *Gilbert v. Canyon County,* 14 Ida. 429, 94 Pac. 1027; *Finch v. Tehama County,* 29 Cal. 454; *State v. Wahoe County,* 5 Nev. 319; *State v. Ormsby County,* 6 Nev. 97; *McKinney v. Commissioners* (Ala.), 52 So. 756;

*Godchaux v. Carpenter,* 9 Nev. 418, 14 Pac. 140; *Brooks v. Morgan* (Ind.), 76 N. E. 333; *Riley v. Pettis County,* 96 Mo. 318, 9 S. W. 906; *Polly v. Hopkins,* 74 Tex. 145, 11 S. W. 1084.)

The action of a county board must be shown by its record, and oral testimony is inadmissible to establish necessary facts not recited. (*Dennison v. St. Louis County,* 33 Mo. 168; *Medlin v. Platte County,* 8 Mo. 235, 40 Am. Dec. 135; *Kozee v. Commonwealth* (Ky.), 129 S. W. 327; *Seass v. Monroe,* 146 Ill. App. 56.)

STEWART, C. J.—This is an action brought by Robert C. Sims against the Milwaukee Land Co., a corporation, for damages aggregating the sum of $1,615, alleged to have been sustained by the plaintiff by the wrongful, unlawful, wilful and malicious acts and interference by the defendant with a certain ferry constructed and operated by the plaintiff across the St. Joe river, under a ferry license granted to him by the board of commissioners of Kootenai county, on the 21st of November, 1907. The answer puts in issue the allegations of the complaint, and in addition the defendant tendered an affirmative defense, and alleged that prior to July 1, 1907, certain lands were conveyed to Albert L. Flewelling by the owners, and that said Flewelling between the times of the conveyance of said lands to him and prior to July 1, 1907, and the 9th day of December, 1907, was entitled to the possession and in the possession of said property, and that on the 9th day of December, 1907, said Flewelling conveyed said property to the defendant, who has since remained and now is the owner thereof; that prior to December 9, 1907, the defendant had purchased and there had been conveyed to it and it was seised in fee simple various other parcels of land extending along the left bank of the St. Joe river, abutting immediately upon said river, both above and below the parcels of land purchased from Flewelling; that in the year 1907, Flewelling erected at a point a short distance below the property owned by him a mill, and in December of 1907 conveyed all the said lands and mill to the defendant, and thereafter

the defendant erected another mill on said property, and ever since the erection of said mill said Flewelling and the defendant have maintained and operated said mills and engaged in the manufacture of lumber; and for the purpose of operating said mills, which were for the most part supplied with timber cut upon lands tributary to the St. Joe river, it became necessary for the said Flewelling and for the said defendant to drive a line of piling in said river, and near to the left bank thereof, extending from a point above the head of navigation of said river and far above the property owned by Flewelling and to a point below the sawmill, and to connect the same with boom sticks to hold the logs until they were manufactured; and that since said piling was driven and the boom sticks attached, the same have been maintained so far as required and necessary by the defendant, and are so maintained to the left of the trend of the channel of said river in such manner as not to interfere with the use of said stream for the purposes of navigation. That sometime in the winter of 1907 and 1908, and the spring of 1908, the plaintiff began to transport people in rowboats from a point on the right bank of said St. Joe river to a point on the left bank thereof, situated in or near lot 8 in sec. 20, and upon land belonging to the defendant, at which point the plaintiff would land such passengers; and would cause his said boats to be attached to pilings driven into the bed of said stream upon the lands of said defendant, and make a landing upon the lands of the defendant, and continuously used the same, and thereby committed constant and continuous trespass upon the lands of the defendant, against its will and consent and without right or authority; and to better enable the plaintiff to transport passengers over and across the stream and to enable the plaintiff to transport teams over and across the same and to land them upon the defendant's said lands, the plaintiff, without right or authority so to do and against the will and without the consent of the defendant, attached a cable to the lands of the defendant upon the left bank of said stream at the point aforesaid, and sought to maintain the same; that the defendant, to the end that such trespass upon its said lands

might be hindered and prevented, caused to be erected upon its own lands upon the left bank of said river and immediately in front of the place where the said plaintiff was wrongfully landing as aforesaid, a fence, and did unfasten and remove from its said lands said cable so wrongfully attached by the plaintiff.

Thus it will be seen that while the answer denies the issuing of a ferry license by the board of county commissioners to the plaintiff and his right to operate a ferry at the place described in the license, the answer also presents affirmative matter, whether or not the ferry constructed by the plaintiff made its attachment upon the lands of the respondent, and whether the business carried on by such ferry landed passengers and freight carried by the ferry upon the lands of the defendant, and thereby the plaintiff trespassed upon the lands of the defendant, without right and against the will and consent of the defendant. The cause was tried to the court and a jury, and after the evidence of the plaintiff was in, a motion was made for a nonsuit for the reason that the plaintiff had failed to prove any case, which motion was sustained and judgment was entered in favor of the defendant, dismissing the action and for costs. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling the motion for a new trial.

Appellant assigns twenty-three different specifications of error, upon which he relies upon this appeal. It will be unnecessary to examine each of these specifications separately, for the reason that the principal question presented arises out of the action of the trial court in admitting and refusing to admit certain testimony offered by the plaintiff. At the trial the plaintiff was called as a witness, and testified that he commenced operating a ferry about the 1st of December, 1907; that it was a public ferry, and he operated it as such. Counsel for appellant then had a certain document marked for identification, "Plaintiff's Exhibit A, Ferry License," and the witness testified that before commencing to operate the ferry he had obtained from the board of county commissioners

of Kootenai a license or charter to do so. He was then handed "Exhibit A" and asked to state what it was, and in answer replied, "It is a ferry license, giving me a franchise to operate a ferry at St. Joe, Idaho;" and testified that he received the same before he commenced to operate such ferry. Such license was then offered in evidence, which was objected to by counsel for respondent, because it had not been shown that the board of county commissioners of Kootenai county directed in proper form the clerk of the board to issue this license, or that the proper procedure before acquiring the ferry license was taken by the board. The witness, after some other matters were inquired into, testified that after receiving the franchise he proceeded to obtain permission from the company's agent to fix a landing on the south side of the river, suitable to accommodate the business, and dug down the banks to a suitable grade for the approaches, and stretched a cable so as to permit boats to pass and repass; and cut down the banks of the river upon the particular suggestion of Mr. Holmes, agent for the respondent; that he showed the appellant just what shape and what place to cut; that the bank on the north side of the river he cut down to meet his own ideas, and that the ground was dedicated to the public as a street; that the place where he did the cutting was dedicated to the public and was a public street, and was a road; that it had been used as a street since the platting of a certain piece of property in 1907, in August,—the witness thought; that he did not know how long it had been used as a public road before that; that on the south side where the ferry landed there was a thoroughfare, which had been used by the public as a thoroughfare or road since the summer of 1896; that he had the cable stretched across the river and operated this ferry by means of a cable; that the *dead man,* where the cable was fastened, was in the old public road on the south side; that the cable was fastened on the north side of the bank to a windlass suspended by two *dead men;* that this cable was attached to the drum of the windlass about twenty-five feet from the bank, just to the left of the ferry approach on the other side.

The appellant then testified to the obstruction and inter-
ference placed by the respondent, and to his loss, and to the
loss he sustained during such obstruction and interference,
and the damages he sustained, and general inquiry was made
as to his improvements and the obstructions of the respondent.
He was then asked this question: "Do you know whether or
not notice was published in a newspaper in this county for
four consecutive weeks, specifying the location, time and place,
when and where application would be made for this charter
or license to run that ferry?" Objection was made to this
question because it was not the best evidence, and the objec-
tion was sustained by the court. Thereupon D. E. Danby
was called as a witness and testified: "I am clerk of the dis-
trict court, ex-officio auditor and recorder and clerk of the
board of county commissioners. On the 21st day of Novem-
ber, 1907, I was a deputy clerk, auditor and recorder and
deputy clerk of the board of county commissioners." His
attention was called to certain parts of the record of the board
of county commissioners and identified by him and the same
was offered in evidence as "Exhibit B," and was objected to
upon the part of counsel for respondent upon the ground that
the record was not complete in itself and is insufficient upon
which to base the issuance of a ferry license; that the board
of county commissioners is a board of inferior and limited
jurisdiction, and there is no presumption of law that the stat-
utes giving ferry licenses have been complied with, which ob-
jection was sustained by the court, to which ruling the
plaintiff then and there duly excepted. The witness then tes-
tified that he had examined the records and files of the clerk
of the board for documents and papers concerning the matter
of the application of R. C. Sims to keep and maintain a ferry
on the St. Joe river, and did not find any application for
such license, and did not find any bond given and did not find
any notice or proof of publication of notice or any proof of
publication, that he had made diligent search for them; that
he searched through the files filed in the vault in his office
where such papers are usually kept, and that he had no recol-

lection of ever having seen such papers that he remembered of. Whereupon "Exhibit A" was offered in evidence, which exhibit reads as follows:

"Know ye, That by the order of the County Commissioners' Board, within and for the county of Kootenai, in the state of Idaho, at the October term thereof, for the year 1907, on the 21st day of November, 1907, R. C. Sims was granted a license to keep a ferry on the St. Joe river at the head of navigation for twelve months, from the first day of October, 1907.

"And he having filed his bond, as required by law, these are, therefore, to authorize the said R. C. Sims to keep said ferry at the place and for the time aforesaid, and to ask, demand and receive pay thereat, at the following rates, to wit:"

(Then follows the rates to be charged for transportation.)

"In testimony whereof, I, T. L. Quarles, Clerk of the County Commissioners' Board, within and for the said county aforesaid, have hereunto set my hand and affixed my official seal.

"Done at Office this 21st day of November, 1907.

"T. L. QUARLES, Clerk,

"By D. E. DANBY, Deputy."

Objection was again made by counsel for respondent that the record was not a record of proceedings of the board of county commissioners, and was not sufficiently complete to justify its introduction in evidence, because it does not set forth the facts necessary to give the board jurisdiction, and fails to fix the bond, and that the license as issued does not comply with the record. This objection was sustained by the court and exception was taken.

Counsel for appellant also offered in evidence "Exhibit B," identified by the witness, D. E. Danby, clerk of the board, as the record made by the board on November 20, 1907, authorizing the issuance of the ferry license to the appellant, and an objection was made by counsel for respondent for the reasons heretofore given, and the objection was sustained. This record reads as follows:

"COMMISSIONERS' PROCEEDINGS.

"November 20, 1907.

"In the matter of the petition of citizens of St. Joe, to grant a license for running a ferry to R. C. Sims, the ferry to be established at a point 200 feet north of the north end of the island, shown on the U. S. Government plat, in Lot 10, sec. 20, Township 46 N. Range 1, E. B. M., across the St. Joe river at that point, was taken up for consideration, and after being fully advised in the premises, the said petition was duly approved."

It is urged in this court by counsel for respondent that it was necessary for the appellant, before he introduced his ferry license, to show by the record of the board that the petitioner for the license and the board had fully complied with the requirements of secs. 1015, 1037 and 1038, Rev. Codes. Sec. 1015 provides that the board of commissioners granting authority to construct a toll bridge or to keep a public ferry must at the same time fix the bond, the amount of the license tax, the rate of tolls, and make all necessary orders relative to the construction, erection and business of the ferry. Sec. 1037 provides, among other things, that the applicant for a ferry license must publish a notice in a newspaper in each county where the ferry touches, for four successive weeks, specifying the location and the time and the place when and where the application will be made, and that after notice is given the application must be made in writing, under oath, to the board of commissioners of the proper county, and that the landings of the ferry must be described and the names of the owners thereof given, if known, and if the applicant is not the owner of the land, that notice of the application be served on the owner thereof, at least ten days prior to the application. Sec. 1038 provides that at the hearing, proof of giving the notice as required by the preceding section must be made, and any person may appear and contest the application, and if the board finds the ferry is a public necessity or convenience and that the applicant is a suitable person, authority to erect such ferry may be granted.

It will be seen that the record made by the board of commissioners with reference to issuing the ferry license, "Exhibit B," does not state that the board fixed the amount of the penal bond to be given, or fixing the amount of license tax to be paid, and made no orders relative to the construction, erection or business of the ferry, or that notice was published and service made in accordance with sec. 1037, Rev. Codes. The sections of the statute above referred to, however, make no provision that the proceedings of the board with reference to issuing ferry licenses shall be recorded. The only provisions of the code which would indicate that the board should record its minutes are contained in sections 1911 and 1912, Rev. Codes. Sec. 1911 provides that "The clerk of the board must: 1. Record all the proceedings of the board." And sec. 1912 provides: "The board must cause to be kept: 1. 'A Minute-book' in which must be recorded all orders and decisions made by them, and the daily proceedings had at all regular and special meetings." These sections of the statute require the board to record all the proceedings of the board; but the statute nowhere requires or provides that a failure to record the proceedings of the board renders the proceedings by the board void. It will be presumed that public officers perform their duties as the law requires, and where it is shown, as in this case, that a ferry license has been issued to an applicant upon the order of the board of county commissioners in the absence of evidence showing the contrary, the court will presume that the applicant and the board followed the law and pursued the method required by law to authorize the issuing of such license. When, therefore, the appellant offered the license as proof of his authority to construct and maintain a ferry at the place named in the license, and such license showed upon its face that it was issued under the authority of the board of county commissioners and by their direction, it will be presumed that the license was legally issued and conferred authority on the applicant to construct and maintain a ferry as therein described and was sufficient, *prima facie*, to establish the plaintiff's right to maintain such ferry. In this case, however, counsel for appellant offered to show by the clerk

of the board and by other oral evidence that a petition had been duly presented to the board and that the board had acted thereon; that a bond had been fixed and that notice and proof had been made in accordance with sec. 1037, *supra,* and evidence which in other respects showed that the board had fully complied with the law, notwithstanding the fact that the same had not been entered upon the minutes of the board. This was objected to as not the best evidence and because the statute was mandatory. This evidence was proper. If the board took all of the steps required by the statute but mislaid or lost the documents and papers presented to them by the applicant, and such papers and documents could not be produced and a full and complete record of their proceedings was not made, then it was proper for the applicant to show by oral testimony what the board in fact did with reference to the application and the board's entire proceedings. This would in no way contradict the record of the board and was, under the facts, the very best evidence of the facts and truth obtainable; and this would be particularly true in this case because the statute does not provide that the proceedings of the board shall be void unless recorded upon their records. If the applicant did those things required of him by law in making his application for a license, and upon doing so the board had issued to him a license, he could not be denied the rights conferred upon him by the license by the mere failure of the board to record the minutes showing such proceedings, and the license upon its face was sufficient, in the first instance, to show his right to construct and maintain the ferry, and if the respondent under its answer was able to show that the plaintiff had not complied with the law, then that was a matter of defense. The license issued to appellant recited on its face that a bond had been filed as required by law. The court was in error in holding that the statutory requirements with reference to procuring a license and the procedure before the board must be shown affirmatively upon the records of the board. While these matters are matters that are required by law to be done, such as making the application and giving the notice and fixing the bond and the license fee by the com-

missioners, a record of which should have been made in the
minutes of the board, still if they were done and the board
issued a license, the license would be valid in the first instance
notwithstanding the fact that such facts were not shown upon
the minutes of the board's proceedings.

Whether the appellant, by constructing the ferry where he
did construct it, trespassed upon property belonging to the
respondent, was an issue which could have been tried in the
case under the pleadings, but that issue was one presented by
the answer.

Objection was also made to the introduction of the record
of the board of commissioners on November 20, 1907, and the
license issued to the appellant herein, for the reason that there
is a variance between the order of the board and the license
as to the location of the ferry. In the order of the board it
is recited that a petition was under consideration for the
establishment of a ferry, "at a point 200 feet north of the
north end of the island, shown on U. S. Government plat, on
Lot 10, Sec. 20, Township 46 North R. 1, E. B. M., across the
St. Joe river at that point"; while in the license the place
of location is described as follows: "to keep a ferry on the
St. Joe river at the head of navigation." It does not appear
that the place of location fixed by the license is any different
from that fixed in the order. The head of navigation may be
200 feet north of the north end of the island, as shown in
the order, and there is nothing to show that the applicant did
not locate the ferry at the place designated in the order and
as described in his license.

For the foregoing reasons the judgment in this case is re-
versed, and a new trial is ordered. Costs awarded to the ap-
pellant.

Ailshie and Sullivan, JJ., concur.