678 P.2d 114

Wayne HARRIS and Linda Harris,
husband and wife,
Plaintiffs-Respondents,

v.

Elwin Van RASMUSSEN and Laura
Rasmussen, husband and wife,
Defendants-Appellants.

No. 14627.

Court of Appeals of Idaho.

March 14, 1984.

Archie W. Service and Steven V. Richert
of Green, Service, Gasser & Kerl, Pocatello, for defendants-appellants.

Reid K. Larsen, Blackfoot, for plaintiffs-respondents.

SWANSTROM, Judge.

The principal issue discussed in this appeal is whether appellants have "standing" to question the procedure followed by county officers in taking a tax deed to property. The district court granted Wayne and Linda Harris' motion for summary judgment and signed a judgment quieting their title to certain real estate. Elwin and Laura Rasmussen have appealed. We affirm.

The record before us consists of the pleadings and the summary judgment motions of both parties with their supporting affidavits and attached exhibits. Although the record also indicates that there was oral argument on the motions for summary judgment and that counsel were advised to file briefs on the Harrises' motion, neither the argument nor the briefs appear in the record. Therefore, we cannot rely upon

any information which may have been revealed therein. We feel constrained to mention this fact because the district court, in its memorandum decision, refers to information not contained in the record on appeal.

"Summary judgment is appropriate if there is no genuine issue of material fact after the pleadings, depositions, admissions, and affidavits have been construed in a light most favorable to the opposing party." *Bennett v. Bliss,* 103 Idaho 358, 360, 647 P.2d 814, 816 (Ct.App.1982). *See* I.R. C.P. 56(c).

The following are the facts viewed in a light most favorable to the Rasmussens. Marie Cazier was the record owner of a one-acre parcel of land in Bingham County. She had acquired it by a warranty deed from Delbert and Mildred Clark in 1974. On August 21, 1979, the county treasurer sent notice to Cazier by certified mail informing her that the county intended to take a tax deed to the parcel due to nonpayment of property taxes. The letter was returned unclaimed. Notice was then published in the "official newspaper" of the county as required by former I.C. § 63–1134.[1] On January 21, 1980, the county treasurer conveyed the property by tax deed to the county. The deed was duly recorded. Later, Delbert and Mildred Clark conveyed certain real property, including the one-acre parcel, to the Rasmussens, who recorded a memorandum of the agreement of sale on August 27, 1980.

Wayne and Linda Harris purchased the one-acre parcel at a county tax sale on October 6, 1980. Their deed from the county was recorded November 17, 1980. The Harrises brought suit to quiet title to the property in themselves. They named Cazier and the Rasmussens, among others, as party defendants; all except the Rasmussens defaulted. Both the Harrises and the Rasmussens moved for summary judgment. The Rasmussens also moved for leave to file a third-party complaint against their grantors, the Clarks. I.R.C.P. 14(a). In the affidavit in support of the Harrises' motion for summary judgment, Wayne Harris stated that the Rasmussens' "claims to the said property are precluded by the earlier recordation of tax deed to Bingham County ...." The Rasmussens' motions were denied; the Harrises' motion was granted. The district court held that the Rasmussens did not show they had a valid claim to the disputed parcel either through Marie Cazier or otherwise and thus had no standing to challenge the validity of the tax deed. Nevertheless, the district court further held that the tax deed was, in fact, valid. The Rasmussens appealed, raising three issues: (1) Did the district court err in concluding that the Rasmussens had no standing to challenge the tax deed? (2) If so, did the district court err in determining that the county treasurer gave adequate notice of the impending tax deed as required by the statute? (3) Did the district court err by denying the Rasmussens' motion to file a third-party complaint?

■ As noted above, the facts demonstrate that Marie Cazier was the record owner of the parcel, that the county took a tax deed because of her failure to pay the property taxes due, and that the Harrises purchased the parcel from the county. The Rasmussens, on the other hand, trace their title to Marie Cazier's predecessor in interest, the Clarks. Furthermore, the Rasmussens recorded their memorandum of the agreement of sale over seven months *after* the county took the tax deed. The record, however, does not show that the Clarks owned any interest in the one-acre parcel when they purported to convey it as part of the larger tract sold to the Rasmussens. Moreover, the record does not in any way cast doubt upon Marie Cazier's ownership of the parcel when the county took its tax deed. Thus the Rasmussens' chain of title reaches a dead end at the Clarks, whose connection with the parcel has been severed. There can be no genuine issue of

---

**1.** After the county took its tax deed, I.C. § 63–1134 was repealed and replaced by I.C. § 63–1126B.

material fact concerning the Rasmussens' claim of interest in the parcel. Indeed, they have shown no basis, nor have they alleged facts which would indicate any basis, for a valid interest in the parcel.

■ The Rasmussens further contend that the procedure by which the county took the tax deed to Marie Cazier's parcel was defective because the county treasurer failed to comply with the notice provisions of former I.C. § 63–1134. Since the Rasmussens have shown that their claim to the parcel is not derived from Marie Cazier, however, we must agree with the district court that they have no standing to challenge the issuance of the tax deed.

> An inherent duty of any court is to inquire into the underlying interest at stake in a legal proceeding. Doing so ensures the rational operation of the legal process. Therefore, in every lawsuit there must be what is called a justiciable interest cognizable in the courts as a precondition to any party maintaining a lawsuit.

*Miller v. Martin*, 93 Idaho 924, 926, 478 P.2d 874, 876 (1970). *See also Wallis v. St. Louis County*, 563 S.W.2d 93 (Mo.App. 1978).

Here, the Rasmussens have no valid claim to the property. Even if the tax deed were to be declared void, there is nothing in the record to indicate they would benefit. All of the benefit would inure to Marie Cazier or her successors in interest. Nor is there any indication that the Rasmussens have been injured in any way by the ruling upholding the county's procedure in taking the tax deed.

In *Shail v. Croxford*, 54 Idaho 408, 419, 32 P.2d 777, 781 (1934), the Idaho Supreme Court quoted from *Andrews v. North Side Canal Co.*, 52 Idaho 117, 126, 12 P.2d 263, 267 (1932), where the court said:

> The record owner of the land is not here contesting the validity of the tax deed. Its validity is questioned by cross-appellant, whose claim of interest in the land and water right is grounded upon its liens based on unpaid assessments for maintenance and operation. Where such

questions are raised, the burden is cast upon the party seeking to invalidate the tax deed to show that he was prejudiced or injured by noncompliance with such statutes before the tax deed will be declared void.

Seven months after the Rasmussens filed their answer to the Harrises' complaint to quiet title, the Rasmussens filed a motion under I.R.C.P. 14(a) for permission to file a third-party complaint against the Clarks. The district court recognized that the Rasmussens may have a cause of action against their grantors, but denied the motion and proceeded to hear the Harrises' motion for summary judgment which was pending. The Rasmussens assert that denial of their motion was error.

■ The Rasmussens' proposed third-party complaint is not in the record on appeal, nor was it tendered to the district court with the motion. Under I.R.C.P. 14(a), similar to the federal rule, it is discretionary with the district court whether to allow the third-party complaint to be filed. In the absence of a showing that the court abused its discretion, a denial of the motion will not be disturbed.

> [The third-party claim] cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

6 C. WRIGHT and A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1446 at 256–57 (1971) (footnote omitted).

■ The nature of the claims the Rasmussens might make against the Clarks for selling them land the Clarks had already conveyed to Marie Cazier is self-evident. On this record, however, we cannot discern that it is necessary to litigate those claims in this action. By denial of their

motion the Rasmussens were not precluded from filing an independent action against the Clarks. No abuse of discretion has been shown.

Finally, the Rasmussens contend the district court erred by refusing to grant their motion to continue the hearing on the motion for summary judgment. We have reviewed the record and the briefs as it relates to this issue and we find no error.

There being no genuine issue of material fact existing on the record and it appearing that the Harrises were entitled to a judg-ment as a matter of law, we hold that the district court did not err in granting summary judgment. We therefore affirm. Costs to respondents.

WALTERS, C.J., and BURNETT, J., concur.