(February 21, 1885.)

## CREWS v. BAIRD, Sheriff.

[6 Pac. 116.]

STATEMENT OF CASE—RECORD ON APPEAL.—A paper inserted in the
record denominated a statement, and which does not appear to
have been settled and signed by the trial judge, is not part of
the judgment-roll, and cannot be considered in this court on ap-
peal.

PLEADING—ACTION OF DETINUE.—The complainant in an action of detinue
which alleges the wrongful taking of the property in question,
the detention, the demand, and damages for wrongful withhold-
ing the same, is sufficient.

APPEAL from District Court, Nez Perces County. Af-
firmed.

I. N. Maxwell Prepared Brief for Appellant.

The following are the errors assigned by defendant in his
statement on motion for new trial, and are used as the specifi-
cation of error on this appeal: 1. The verdict is not sustained
by the evidence, in that plaintiff admitted notice of the ven-
dor's indebtedness and knowledge of Frank Brothers' judgment
against him before the purchase of the property, and made no
inquiry as to the effect of his (plaintiff's) purchase upon
Stroup's creditors; 2. The verdict is contrary to the evidence,
in that the hasty sale of all the vendor's property, followed
closely upon the rendition of the verdict against him, is pre-
sumptive evidence of fraudulent intent, and when shown that
the vendor has full knowledge of the facts, this presumption be-
comes conclusive; 3. The evidence is insufficient to support the
verdict, in that every fact established by plaintiff is a badge of
fraud. The court below erred in denying defendant's motion
for a new trial. All the affirmative allegations of defendant's
answer, charging collusion and fraud between Crews and Stroup
to defeat and defraud Frank Brothers in the enforcement and
collection of the judgment against Stroup, are fully sustained
by the evidence and surrounding circumstances in this case.

The rule, we think, has been long and well settled that the
purchaser knowing of the judgment against the vendor, and

who purchases the goods of such vendor with the aim and purpose of assisting in the defeat of the creditor's execution, acquires no title by such a purchase against the judgment creditors of the vendor; it is iniquitous, fraudulent and void, notwithstanding he may give a full price. (Bump on Fraudulent Conveyances, 159; 2 Kent's Commentaries, 12th ed., p. 513; *Beals v. Guernsey,* 8 Johns. 446, 5 Am. Dec. 348; *Austin v. Bell,* 20 Johns. 442, 11 Am. Dec. 297; Story's Equity Jurisprudence, 1st ed., sec. 369; Story's Equity Jurisprudence, 1st ed., sec. 160; also *Bridge v. Eggleson,* 14 Mass. 245, 7 Am. Dec. 209; *Harrison v. Trustees of Phillips Academy,* 12 Mass. 456; Freeman on Executions, sec. 136; *Russell v. Winne,* 37 N. Y. 591, 97 Am. Dec. 755.)

Ezra Baird, *in propria persona.*

J. W. Poe and W. T. McKern, for Respondent.

No brief filed on part of respondent.

Per CURIAM.—In this case the appellant contends that the verdict of the jury is against the evidence, and we are asked to examine this question. That which purports to be a statement of the evidence and exceptions thereto was not settled and signed by the district judge. That the settling and signing of the statement is mandatory, and its omission fatal, is a proposition that cannot be disputed. Without this authentication the statement cannot be treated as part of the judgment-roll, nor be considered in this court. The only question properly presented for our consideration is whether the complaint is sufficient to support the judgment. We think it is. The complaint alleges the wrongful taking of the property in question, the detention, the demand, and damages for wrongfully withholding the same. We think this sufficient.

Judgment affirmed.

Morgan, C. J., and Broderick and Buck, JJ., concurring.