(March 4, 1911.)

## W. H. PLATT, Appellant, v. THE CITY OF PAYETTE, a Municipal Corporation, Respondent.

[114 Pac. 25.]

STATUTORY CONSTRUCTION—ORDINANCE FOR MUNICIPAL BOND ELECTION—SUFFICIENCY—NOTICE OF ELECTION—VALIDITY OF BONDS—COMPLIANCE WITH STATUTE.

(Syllabus by the reporter.)

1. The word "any," as used in sec. 2315 of the Rev. Codes of Idaho as amended by Sess. Laws 1909, at p. 174, and sec. 2316, Rev. Codes, should be considered in connection with the entire body of existing statutory law relating to municipal improvements, keeping in mind the purpose of such legislation and the object to be attained, and should not receive a technical or limited construction, but should be construed in harmony with the evident intention of the law-making body in enacting such legislation.

2. Sec. 2316, Rev. Codes, does not require a separate election ordinance for each proposed issue of municipal bonds. Different propositions for different objects may be embodied in one ordinance, provided that each proposition is so clearly and distinctly submitted to the electors of the municipality that they may adopt or reject it, independently of the others. Whether several such propositions are submitted in one ordinance or in separate ordinances is immaterial, so long as the voters are not deceived or misled, or

prevented from voting upon each proposition separately. (*Sommercamp v. Kelly*, 8 Ida. 712, 71 Pac. 147, approved and followed.)

3. *Held*, that the election proclamation and the notices of the holding of the special election with reference to the bond issues in controversy substantially complied with the statutory requirements.

4. *Held*, that Ordinance No. 154 of the city of Payette, giving notice of intention to create a local sewerage improvement district, sufficiently describes the property sought to be charged with the cost of the improvement, and the general character of the proposed sewer system and sewerage disposal works, and the estimated cost of such improvement.

5. Sec. 2353, Rev. Codes, providing for what shall be contained in an ordinance giving notice of intention to construct a sewer system, must be liberally construed, and a substantial compliance with the provisions of the statute is all that is required of the council, in view of the fact that its passage constitutes merely a preliminary step leading up to the final issue of the bonds, in case the voters should decide at the special election in favor of such improvement being undertaken.

6. *Held*, that the compliance with statutory provisions affecting the validity of the bond issue in controversy was sufficient to make said bond issue a binding obligation against the city, enforceable against the property against which special assessments have been made.

'APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Action to determine the validity of sewer and waterworks bonds of the city of Payette. Judgment for defendant and plaintiff appealed. *Affirmed.*

Richards & Haga, for Appellant.

Sec. 2316, Rev. Codes, empowers the council to issue bonds "for any of the purposes aforesaid." Does that section use the word "any" in the singular or the plural, especially when construed with the provision in sec. 2315, Amended Session Laws of 1909, page 174, "for any or all of the following purposes"?

If the derivative meaning of the word "any" is taken as the basis for answering the question, "any" must be taken to mean one or any one of several; or, taking another use of the word "any," it may mean, especially when used with a

plurality of subjects, every one of them (see *Davidson v. Dallas*, 8 Cal. 239) ; or if taken in its distributive meaning, it might be taken in the sense of all, as, for instance, "any of the purposes" might mean "all of the purposes." (See *County of Chicot v. Lewis*, 103 U. S. 167, 26 L. ed. 495.) But we contend that the use of the word is extremely strained if the latter meanings are taken.

In the sense that it is used in sec. 2316, Rev. Codes, "for any of the purposes aforesaid," it would seem clearly to mean *any one out of the number,* and not mean "all" or "every" of the number specified.

If the word is used in the meaning that we suggest, it was clearly invalid that all of these issues were submitted in the same ordinance, and, therefore, the bonds issued would be invalid and not binding obligations against the city and against the property upon which special assessments had been made. The proper use of the word is defined in the following cases: *Fisk v. Henarie*, 32 Fed. 417, 13 Saw. 38; *Mullin v. Spangeberg*, 112 Ill. 140; *United States v. Morse*, Fed. Cas. No. 15,820, 3 Story, 87; *Trumbo v. Finley*, 18 S. C. 305; *Thurston v. State*, 43 Tenn. 115.

The statutes of this state do not directly permit or prohibit the submission of more than one issue of municipal bonds in the same ordinance. A few cases from other states may be cited, but an examination of such cases shows that the question is governed by statute or ordinance, and that the statutory or ordinance requirements must be strictly complied with. (*Leavenworth v. Wilson*, 69 Kan. 74, 76 Pac. 400, 2 Ann. Cas. 367; *Seymour v. Tacoma*, 6 Wash. 150, 32 Pac. 1077.)

Several bond issues relating to several distinct purposes cannot be submitted in the same proceedings, and the ordinance so submitting the several questions is invalid, and, therefore, all proceedings thereunder would be invalid and the bonds unenforceable. (*Stern v. City of Fargo* (N. D.), 122 N. W. 408; *Village of Hempstead v. Seymour*, 34 Misc. Rep. 92, 69 N. Y. Supp. 462; *State v. Allen*, 186 Mo. 674. 85 S. W. 531; *State v. Allen*, 178 Mo. 555, 77 S. W. 868; *Truelson*

*v. Mayor of Duluth,* 61 Minn. 48, 63 N. W. 715; *Cain v. Smith,* 117 Ga. 902, 44 S. E. 5; *Farmers' Loan & Trust Co. v. Sioux Falls,* 131 Fed. 890; *Denver v. Hayes,* 28 Colo. 110; 63 Pac. 311.)

The notice of the election was not sufficient under the statutes to give the qualified electors and taxpayers of the city of Payette sufficient notice of the questions submitted to them. (Abbott, Mun. Corp., p. 424; *Seymour v. Tacoma,* 6 Wash. 151, 32 Pac. 1077; 21 Am. & Eng. Ency. of Law, 49; *Brown v. Carl,* 111 Iowa, 608, 82 N. W. 1033; *Stern v. City of Fargo* (N. D.), 122 N. W. 403.)

Sec. 2316, Rev. Codes, provides the form of ballots to be used at such special election, and the form of ballot provided for by Ordinance No. 155 does not comply with the statute. (21 Am. & Eng. Ency. of Law, 49, and cases cited; *Murphy v. San Luis Obispo,* 119 Cal. 624, 51 Pac. 1085, 39 L. R. A. 444; *Brown v. Village of Grangeville,* 8 Ida. 786, 71 Pac. 151; *Hamilton v. Detroit,* 83 Minn. 119, 85 N. W. 933.)

The supreme court of Illinois has held statements as to the character and description of proposed sewerage works which defined the system, character of materials, outlets, drains, and sizes of sewerage pipes infinitely more in detail than Ordinance No. 151, insufficient and not complying with the requirements of the statute. (*Hyde Park v. Carton,* 132 Ill. 100, 23 N. E. 590; *St. John v. East St. Louis,* 136 Ill. 207, 27 N. E. 543; *Steele v. River Forest,* 141 Ill. 302, 30 N. E. 1034; *Hull v. Chicago,* 156 Ill. 381, 40 N. E. 937. See *Rickords v. City of Hammond,* 67 Fed. 383; *Rose v. Chicago,* 188 Ill. 347, 58 N. E. 933; *Willis v. Chicago,* 189 Ill. 103, 59 N. E. 543; *Connersville v. Merrill,* 14 Ind. App. 303, 42 N. E. 1112; *Lanphere v. Chicago,* 212 Ill. 440, 72 N. E. 426; *Fay v. Reed,* 128 Cal. 357, 60 Pac. 927.)

F. H. Lyon, for Respondent.

The word "any," as used in sec. 2316, means any one or more of the entire number of purposes mentioned. Why "total amount for which such bonds shall be issued" if this

is not the intent of the legislature? The proper meaning of the word "total" is, being taken together without omitting anything; several sums added, in this case. (*Sommercamp v. Kelly*, 8 Ida. 712, 71 Pac. 147.)

The question is: Was the voter misled by the three propositions being provided for in the same ordinance? And if this can be answered in the negative, then the bonds should be held to be legal and binding. (*Lewis v. County of Bourbon*, 12 Kan. 186–213; *McBryde v. Montesano*, 7 Wash. 69, 34 Pac. 559; *Truelsen v. Mayor of Duluth*, 61 Minn. 48, 63 N. W. 715; *Law v. San Francisco*, 144 Cal. 384, 77 Pac. 1014; *Geer v. Commissioners*, 97 Fed. 435, 38 C. C. A. 250; *Carlson v. Helena*, 39 Mont. 82, 102 Pac. 39, 17 Ann. Cas. 1233; *Gas & Water Co. v. Elyria*, 57 Ohio St. 374, 49 N. E. 335; *Gray v. Mount*, 45 Iowa, 591; *Thompson etc. Co. v. Newton*, 42 Fed. 723.)

The notice of election and the election held thereunder complied with the laws of this state and especially sec. 2316, Rev. Codes. (*Sommercamp v. Kelly, supra; State ex rel. Utah Savings & Trust Co. v. Salt Lake City*, 35 Utah, 25, 99 Pac. 255, and cases there cited; *Cheyenne v. State*, 17 Wyo. 90, 96 Pac. 244; *Seymour v. Tacoma*, 6 Wash. 427, 33 Pac. 1059; *Dishon v. Smith*, 10 Iowa, 212; *Packwood v. Kittitas County*, 15 Wash. 88, 55 Am. St. 875, 45 Pac. 640, 33 L. R. A. 673; *Hamilton v. Village of Detroit*, 83 Minn. 119, 85 N. W. 933; *State v. Carroll* (R. I.), 24 Atl. 835; *R. R. Co. v. Commissioners*, 116 N. C. 563, 21 S. E. 205; *Santa Barbara v. Davis*, 6 Cal. App. 342, 92 Pac. 308; *State v. Carbon County* (Utah), 104 Pac. 222; *Bowen v. Mayor of Greensboro*, 79 Ga. 709, 4 So. 159; *Cartwright v. City of Sing Sing*, 46 Hun, 548; 11 Cyc. 557; 21 Ency. Law, 2d ed., 47.)

BUDGE, District Judge.—This is an appeal from a judgment rendered in the district court of the seventh judicial district in favor of the respondent and against the appellant. Said action was brought in the district court upon an agreed statement of facts, under the provisions of chap. 2, title 3, part 3 of the Revised Codes of Idaho.

This action was prosecuted to determine the validity of the issue of certain municipal coupon sewer and waterworks bonds of the city of Payette, Idaho. The agreed statement of facts is as follows:

"1. That the said plaintiff, W. H. Platt, is a citizen and taxpayer of and within the said defendant, the city of Payette, and is one of the persons against whose property, and is the owner of a portion of the property against which, the special assessment herein set forth was made by the said defendant, the city of Payette, and is beneficially interested in the matter set forth in this agreed statement of facts.

"2. That the said defendant, the city of Payette, is a municipal corporation situate in the county of Canyon, state of Idaho, duly organized and existing under and by virtue of the laws of the state of Idaho.

"3. That attached hereto marked Exhibit 'A' and made a part of this statement is a copy of the proceedings of the council of the said defendant, the city of Payette.

"4. That attached hereto is a copy of an ordinance passed by the council of the said defendant, the city of Payette, marked Exhibit 'B' and made a part hereof.

"5. That the said defendant, the city of Payette, is about to issue and sell the bonds so provided for as above set forth.

"6. That the respective parties hereto hereby reserve the right to appeal to the supreme court of the state of Idaho from any judgment that may be rendered by the court herein, and that the agreed statement of facts herein set forth shall be and become a part of the judgment-roll herein, and that no other statement on appeal shall be required."

Attached to the agreed statement of facts are all the proceedings of the council of said city of Payette, leading up to the passage of the ordinance.

The questions that this court is asked to pass upon are as follows:

1. Does section 2316, Revised Codes, require a separate ordinance for each issue of bonds; and

2. Was there a proper notice of an election and was an election held thereunder, as is required under the statutes of Idaho; and

3. Were all the statutory provisions so complied with as to make said bond issues, when sold, binding obligations against the city and enforceable against the property against which special assessments have been made.

Sec. 2315, Rev. Codes, as amended by Sess. Laws of 1909, at p. 174, provides:

"Every city or town incorporated under the laws of the territory of Idaho, or of the state of Idaho, shall have power and authority to issue municipal coupon bonds, not to exceed at any time in the aggregate fifteen per cent of the real estate value of said city or town according to the assessment of the preceding year, for any or all of the following purposes:

"1. To provide for the construction and maintenance of necessary waterworks and supplying the same with water, and to provide lights for streets, public buildings and grounds.

"2. To provide for the laying, constructing, equipment and maintenance of sewers and drains," and other improvements mentioned under separate headings and subdivisions.

Sec. 2316 of the Rev. Codes provides that:

"Whenever the common council of such city or the trustees of such town .... shall deem it advisable to issue the coupon bonds of such city or town for any of the purposes aforesaid, the mayor and common council of such city or the trustees of such town shall provide therefor by ordinance, which shall specify the purpose of issuing such proposed bonds; if it is to create a new debt the object thereof must be stated, or, if it is to fund or refund any existing indebtedness, it must be described; and, when it consists of warrants or other securities, they must be described by giving their number, date and amount and the fund out of which the same, according to the terms thereof, are payable; and the ordinance shall declare the purpose and the total amount for which such bonds shall be issued and designate the provisions to be made to pay the interest on such bonds as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the time of the issuance of the same, and shall also provide

for the holding of an election of the qualified electors who are taxpayers of such city or town, of which thirty days' notice, to be provided for in such ordinance, shall be given in a newspaper of such city or town designated in said ordinance.  Such election shall be conducted as other city elections.  The voting at such election must be by ballot, and the ballot used shall be substantially as follows: 'In favor of issuing bonds to the amount of . . . . dollars for the purpose stated in Ordinance No. ——' and 'Against issuing bonds to the amount of . . . . dollars for the purpose stated in Ordinance No. ——.' "

In the case at bar the city council of the city of Payette regularly passed an ordinance known as "Ordinance No. 155," which ordinance provides for the holding of a special election in the city of Payette for the purpose of submitting to the qualified electors of said city the question of the issuance of municipal coupon bonds of said city in the total amount of $34,000.  Said ordinance set out the purposes for which the money realized from the sale of said bonds was to be used; $12,000 of said amount was to provide the fund necessary to pay the costs assessed against the city of Payette for the expenses of all improvements in the spaces formed by the junction of all streets and all necessary street and alley crossings; and for the purchase of all materials necessary for the construction and maintenance of a sewer system in Local Sewer Improvement District No. 1 of the said city, which had theretofore been created by ordinance; $12,000 to provide the funds necessary to pay the costs of extending the water mains and water system of said city, for the purchasing of a power site for pumping purposes and the power necessary for such pumping; and $10,000 to provide for the funding, purchasing and redeeming certain created, existing and outstanding indebtedness of the said city.  By stipulation of counsel for the respective parties in this case the $10,000 so to be provided for is not in controversy in this action, and will therefore not be further discussed or referred to in the determination of the issues involved herein.

The said city council of the city of Payette, to provide for the amounts of money heretofore referred to, passed an ordinance, which ordinance contained all of the propositions sought to be submitted to the electors of the said city, detailing the various amounts to be raised and containing a full statement of the several improvements that were to be made. The said ordinance, after specifying the three separate amounts that were to be realized by the sale of the said municipal coupon bonds for the construction and maintenance of the sewer system and the waterworks extension, provided also for the holding of a special election by giving legal notice thereof for at least thirty days, said notice to be published in the Payette "Enterprise"; the said election to be conducted in accordance with the ordinance of the city and the laws of the state applicable to the holding of municipal elections. The ordinance also provided that the election should be by ballot, and the electors should be permitted to express their desire on the issue of each one of the three classes of bonds separately, and each proposition was separately submitted to the electors of the said city of Payette.

The question whether or not the city should be bonded for the construction of the sewer in Local Sewer Improvement District No. 1 at a cost of $12,000, or against the issuance of bonds for the construction of the said sewer, was specifically and clearly submitted to the electors of the said city of Payette, separately and apart from any or either of the other propositions, and from a canvass of the votes after the election had been duly held by the council of said city of Payette, 304 of the electors of said city voted in favor of the issuance of the bonds for the construction of said sewer, and 68 of the electors of said city voted against the issuance of said bonds.

The second proposition was also submitted to the electors of the said city in precisely the same manner, and they were asked directly if they were in favor of issuing bonds for the extension of the waterworks system to the amount of $12,000, or if they were against the issuance of said bonds in such amount for the extension of said waterworks system, to which

283 of said electors answered in the affirmative and 58 in the negative.

It appears from the record that these two propositions were so clearly and concisely presented to the electors of the city of Payette for their determination that they could not under any circumstances have been misled. The propositions were not intermingled one with the other, but, on the contrary, the voter was permitted to cast his vote independently upon each proposition submitted separately, and not upon two or more jointly.

The learned counsel for appellant contends that the city council of any municipality or town cannot submit to the electors the question of the issuance of bonds except by separate ordinances; in other words, that the submitting by the council of the city of Payette to the electors of said city the question of the issuance of bonds for more than one proposition was invalid, and that said bonds would not be a legal, binding obligation against the said city of Payette, and counsel bases his contention upon the wording of the statute which says:

"Sec. 2315 (as amended). Every city . . . . shall have power and authority to issue municipal coupon bonds . . . . for any or all of the following purposes."

Sec. 2316, among other things, provides that "Whenever the common council of such city or the trustees of such town . . . . shall deem it advisable to issue the coupon bonds of such city or town for any of the purposes aforesaid, the mayor and common council may . . . ."

We think that the word "any" used in the sections heretofore cited of the Rev. Codes and the Sess. Laws, when considered in connection with the entire sections of the statute relating to municipal improvements, and at the same time keeping in mind the purpose of such legislation and the object to be obtained, should not receive at our hands a technical or limited construction; but, on the other hand, we should so construe the word with reference to the enactment of the law upon this subject as to be in harmony with the intention of the legislature. We are of the opinion that it was the intention of the law-making power that the municipal authorities of

any city or town could, by proper ordinance, provide for as many of the necessary improvements in any of the cities or towns of our state as they, the council, deem advisable. The question to be determined, in our opinion, in a case of this · kind is: Was the proposition, or were the propositions, so clearly and distinctly submitted to the electors of the city or town that they could intelligently and positively express their wishes in regard to each, or any, or all of the propositions so submitted? Was the proposition, or were the propositions, so submitted to the electors that they could adopt or reject either, any, or all of the propositions so submitted? Whether these propositions were provided for in one ordinance, or in separate ordinances, would be immaterial, so long as the electors were not deceived, misled, or prevented from voting upon each proposition separately and independently of the others.

In all probability the council of the city of Payette determined to curtail the expenses incident to holding of an election, and provided for the submission to the electors of the city all of those propositions separately, that the electors might determine which, if any, of them they would adopt or reject. When we consider the expenses incident to publication of city ordinances, proclamations for elections, the publication of the notices of election, as well as all other expenses incident to municipal elections and the frequency of such elections under our form of government, we can readily understand why the legislature did not intend that the word "any" should require a technical or limited construction, when a municipality by its council desires to submit to the electors more than one question looking to the issuance of municipal bonds.

In the case of *Sommercamp v. Kelly,* 8 Ida. 712, 71 Pac. 147, this court passed upon the legality of municipal bonds issued by the city of Weiser. In that bond issue there were three separate and distinct propositions for which bonds were to be issued, and they were all provided for in the same ordinance, and submitted to the voters on the same ballot. Three thousand five hundred dollars of the bonds were for the construction of an electric light plant, and $3,000 of the bonds for

the establishment and equipment of a fire department. The proceedings were held to be legal and valid; and in that case, as well as in the case at bar, the electors of the city could vote for or against one or more of the propositions that were submitted to them, independently of the others, and it is not contended that the voters were misled, or that they were in any wise prevented from expressing their will with reference to one, any, or all of the propositions that were submitted.

In the case at bar the election proclamation made clear the amount of bonds the council of the city of Payette desired the electors of the city to authorize, and the purposes for which the money to be realized from the sale of said bonds was to be used; $12,000 was to provide a fund necessary for the construction and maintenance of a sewer system, and $12,000 for extending water mains and the water system of said city. The said proclamation referred to the ordinance for further particulars.

A special election proclamation was published for the required length of time, also a notice of the special election, which notice reiterated the contents of the election proclamation, both setting forth fully and distinctly the amount of the bonds that the council of the city of Payette desired them to issue, and the purposes for which the money was to be expended.

We do not think it can be contended that the electors of the said city of Payette did not act and vote intelligently upon each proposition separately that was submitted to them for their determination. That being true, we are of the opinion that the law was substantially complied with in this respect. (*Law v. City and County of San Francisco,* 144 Cal. 384, 77 Pac. 1014.)

Sec. 2316 of the Rev. Codes, with reference to the holding of municipal elections, provides that thirty days' notice shall be provided for in the ordinance calling the special election. In the case of *Sommercamp v. Kelly, supra,* with reference to the sufficiency of the notice, this court says: "The statute does not require any particular form of notice, but evidently any

kind of a notice by the proper officers of the city that informs the people of the object and purpose of the election is a sufficient notice. The sole purpose of the notice is to inform all interested parties, in order that they may register and cast their ballots on the day of election. We think that the mayor's proclamation, published in two newspapers for a period of more than thirty days before the day fixed for election, was ample and sufficient notice to all interested parties.''

It appears from the record in this case that the election proclamation and the notices of the holding of the special election were each published in the Payette ''Enterprise,'' a newspaper published in the city of Payette, and designated by the city council as the official newspaper of the said city of Payette, for more than thirty days before the holding of the special election. After carefully reading the notices of the special election, and comparing the notices of said election with the ordinance, it appears that they are substantially the same, and we think sufficient in form and substance to properly notify the electors of the city of the election and the purposes for which said election was held.

Sec. 2353, subd. 3, Rev. Codes, provides:

''The city council or trustees shall before or during the construction of the sewerage system, or sewerage disposal works, or either or both, or other improvements under the provisions of this chapter, the costs of which are to be levied and assessed upon the property benefited, first pass at a general or special meeting an ordinance declaring its intention to construct such sewer system, or sewerage disposal works, or portion thereof, or other improvements under this chapter and stating in such resolution or ordinance the specific boundaries of the proposed sewerage district, which boundary lines shall be plainly and distinctly stated so that it may be plainly determined therefrom what property or properties are to be included in said proposed district, the general character of the said proposed sewerage system and sewerage disposal works, or portion thereof and the estimated cost of same.''

After carefully reading Ordinance 154, which gives notice of the intention to create Local Sewerage Improvement District

No. 1 in the city of Payette, etc., and following the description set out in sec. 1 of said ordinance, we cannot but reach the conclusion that the property sought to be charged with the cost of the installation of the said sewer system by the city is sufficiently described and can be readily identified.

The general character of the proposed sewer system and sewerage disposal works are in our judgment sufficiently set out in sec. 2 of said ordinance. The estimated cost is made within a certain limit, and all the statute requires is that the estimated cost of the same be contained in the ordinance.

We think that the provisions of the statute should receive a liberal construction, and a substantial compliance is all that is required of the council in view of the fact that the provisions in the ordinance are merely preliminary steps leading up to the final issue of the bonds, providing the electors of the municipality should conclude that the improvements were necessary or would be beneficial. We therefore conclude that all the statutory provisions have been complied with, and that the bond issue is a legal, binding obligation against the city.

The judgment of the lower court is *affirmed*, and costs are awarded against the appellant.

Ailshie, Presiding J., and Sullivan, J., concur.