(August 4, 1921.)

E. RALPH EVANS, Respondent, v. WARREN G. SWENDSEN, Commissioner of Reclamation of the State of Idaho, Appellant.

[200 Pac. 136.]

WATER AND WATERCOURSES—CAREY ACT—NOTICE OF OPENING OF LAND FOR SETTLEMENT—CANCELATION OF NOTICE.

Where, pursuant to C. S., sec. 3008, notice has been duly published that lands segregated under the Carey Act, or a portion thereof, are open for settlement, the state board of land commissioners or the commissioner of reclamation have no authority thereafter to cancel such notice or withdraw the lands from settlement because of information that there is not an ample supply of water for the irrigation or reclamation of said lands.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Judgment directing issuance of writ of mandate compelling defendant to accept filing on Carey Act segregation. *Affirmed.*

Roy L. Black, Attorney General, and Dean Driscoll, Assistant, for Appellant.

There is a plain distinction between the case of *Furbee v. Alexander*, 31 Ida. 738, 176 Pac. 97, and cases such as this where the board has made an order revoking the opening notice, and that a different rule would be applied by the court is apparent not only from the statutes but from the decision in the Furbee case itself.

In that opinion the court speaks of the very wide discretion vested in the land board in all matters looking to the segregation, contracting, character of the works, the amount of water to be supplied, the price and many other provisions.

Sec. 3008, C. S., expressly requires notice when the lands are thrown open, but that requirement is not expressly made applicable to recall the notice, nor is there any other statutory requirement for it. In the absence of such requirement, we see no legal necessity for its being given.

Oppenheim & Lampert and Walters & Hodgin, for Respondent.

Neither the state board of land commissioners nor the department of reclamation had any power or authority to withdraw the land in question from being open to entry. (*State v. Des Chutes Land Co.*, 64 Or. 167, 129 Pac. 764; *Furbee v. Alexander*, 31 Ida. 738, 176 Pac. 97.)

RICE, C. J.—Respondent, a qualified entryman, applied to the district court for a writ of mandate to require appellant to accept his filing upon a certain tract of land within a Carey Act segregation. It is admitted that on October 12, 1907, the state board of land commissioners gave notice pursuant to law that certain lands, including the tract of land in controversy, were open for entry and settlement under the acts of Congress and the legislature of the state of Idaho; that on December 4, 1918, respondent entered into

a contract with the construction company for the purchase of a water right to be used upon this tract; that on December 12, 1918, he made his application to enter the land; that the state board of land commissioners on March 29, 1919, refused to accept said entry; that on April 12, 1919, he renewed his application for entry of the land with the Department of Reclamation and the application was denied. The land in question had been patented by the United States to the state of Idaho prior to the application for entry.

Appellant in his answer alleged that at the time patent issued to the state of Idaho, the state, its officials and agents, believed that an ample supply of water had been actually furnished in a substantial ditch or canals to reclaim the land and so represented to the United States; that patent was issued in reliance upon such representations; that appellant is now informed and believes that there is not nor has ever been an ample supply of water for the irrigation or reclamation of said land; that therefore the state board of land commissioners, on December 9, 1918, prior to the filing of respondent's application, but subsequent to the time he entered into his contract with the construction company, by resolution canceled, annulled and withdrew all resolutions throwing open to entry the lands embraced within the Carey Act segregation involved, and withdrew from entry all the unentered land situated therein. It is further alleged that publication was duly made of such resolution. Demurrer to the answer was sustained and appellant, refusing to plead further, judgment was entered directing issuance of the writ.

In view of the holding of this court in the case of *Furbee v. Alexander*, 31 Ida. 738, 176 Pac. 97, the only question presented by this appeal is whether or not the state board of land commissioners had authority to recall the notice throwing open the tract to settlement after the notice had been given.

The state board of land commissioners and the commissioner of reclamation are creatures of the constitution and statutes of the state, and can exercise no authority except

that expressly given them and such incidental and implied authority as is necessary to enable them to exercise the powers expressly granted. (*Orr v. State Board of Equalization,* 3 Ida. 190, 28 Pac. 416; *Kootenai County v. State Board of Equalization,* 31 Ida. 155, 169 Pac. 935; *State v. Des Chutes Land Co.,* 64 Or. 167, 129 Pac. 764.)

The statute under which the state board of land commissioners acted in throwing open for settlement the lands included in the Carey Act segregation involved in this case, including the land here sought to be entered, is C. S., sec. 3008, which is as follows:

"Immediately upon the withdrawal of any land for the state by the department of the interior, and the inauguration of work by the contractor, it shall be the duty of the department of reclamation, by publication once each week in some newspaper of the county in which said lands are situated, and one newspaper at the state capital, for a period of four weeks, to give notice that said land, or any part thereof as the department in its discretion may deem is for the best interest of the state, is open for settlement, the price for which said land will be sold to settlers by the state and the contract price at which settlers can purchase water rights or shares in such works."

This statute contains no express authority to cancel or withdraw such notice when once it is given, nor is such authority implied.

The statute requires the publication of the notice immediately upon the withdrawal of any land for the state by the Department of the Interior and the inauguration of work by the contractor, and the notice must include the entire segregation, or any part thereof, as the department in its discretion may deem for the best interests of the state. Publication of notice is one step of the procedure provided to consummate the purposes and objects contemplated by the Carey Act, but it has nothing to do with the final question as to the actual reclamation, cultivation and settlement of the land.

The facts stated in the answer with reference to the failure of an adequate water supply for the land in question, which by the demurrer are admitted to be true, are not sufficient to vest authority in the board of land commissioners to cancel its notice and withdraw the land from entry where such authority is not granted by statute. Such facts in connection with contracts entered into with reference to the project might present sufficient foundation for an appropriate action before a competent court in a judicial proceeding.

It follows that the judgment of the district court was correct.

Counsel in his brief has quoted the following language from the Furbee case:

"The board having by its notice, published as required by law, notified the public that the tract of land involved in this case, together with other land, is open for entry under the provisions of the Carey Act, cannot while that notice to the world is left standing unimpaired, refuse to accept an entry applied for by one who shows himself entitled to make an entry within the provisions of the law."

The language quoted had reference to the admitted facts in that case, and was not intended as an expression of an opinion upon the question here involved as above stated.

The judgment is affirmed, with costs to respondent.

Budge, Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing or take any part in the opinion.