(No. 5167.  December 11, 1928.)

ADAMS COUNTY, a Municipal Corporation, Respondent,
v. FIRST BANK OF COUNCIL, a Banking Corpora-
tion; E. W. PORTER, Commissioner of Finance, and
A. M. BOYLEN, Liquidating Agent, Appellants.

[272 Pac. 699.]

Oppenheim & Lampert, E. O. Smith and Charles P. Mc-
Carthy, for Appellants.

Carl H. Swanstrom and George Donart, for Respondent.

GIVENS, J.—Respondent seeks to recover from appellants as a trust fund money claimed by respondent to have been placed on special deposit with appellant, First Bank of Council, a defunct institution in the hands of appellant, E. W. Porter, Commissioner of Finance. Appellants virtually admit that if respondent had the legal right to make a special deposit, the facts were sufficient to show the deposit to have been of that character. Their defense is based

on the contention that it is not clear whether the deposits were made by George A. Winkler as "Treasurer" or "Tax Collector," and that he was not authorized to make a special deposit because the record did not show either that the limit in the banks in the county, under sec. 24, chap. 256, Sess. Laws 1921, p. 566, as amended by sec. 10, chap. 45, Sess. Laws 1925, p. 69, had been reached, or that the county commissioners as a supervising board had authorized a special deposit, or had not provided a safe place in the offices of the treasurer for the keeping of the public moneys.

With regard to the first point, there is no contention that the funds were not county funds, being received by the treasurer as tax collector. The county was the depositing unit. The point is made, however, that under sec. 12, chap. 45, *supra*, amending chap. 256, 1921 Sess. Laws, the tax collector has no authority to make a special deposit even under the provisions of sec. 10 of said chap. 45. It is clear from the use of the words "public moneys" that sec. 10 covers all of the public moneys of the depositing unit; hence the statute authorizes a special deposit of any public funds.

With regard to conditions precedent authorizing a special deposit, this court has repeatedly held that, in the absence of any contrary showing, the existence of such conditions will be presumed under the doctrine of the presumed regularity of the acts of public officials. *Meservey v. Gulliford*, 14 Ida. 133, 93 Pac. 780; *Stewart v. White*, 19 Ida. 60, 112 Pac. 677; and while it might be contended that in *Sims v. Milwaukee Land Co.*, 20 Ida. 513, 119 Pac. 37, the expression was *dicta*, the rule is there well stated and recognized; *Dement v. City of Caldwell*, 22 Ida. 62, 125 Pac. 200; *Prothero v. Board of County Commissioners*, 22 Ida. 598, 127 Pac. 175; *Athey v. Oregon Short Line R. R. Co.*, 30 Ida. 318, 165 Pac. 1116; *Bruce v. Frame*, 39 Ida. 29, 225 Pac. 1024; *Big Wood Canal Co. v. Chapman*, 45 Ida. 380, 263 Pac. 45.

The record justified the trial court in finding that a special deposit had lawfully been made.

That the funds were sufficiently traced was not disputed. The judgment is affirmed. Costs awarded to respondent.

Budge, J., and Baker, D. J., concur.

Wm. E. Lee, C. J., concurs in the conclusion.

Petition for rehearing denied.