(No. 5678. May 19, 1931.)

COMMON SCHOOL DISTRICT No. 27, IN THE COUNTY OF TWIN FALLS, STATE OF IDAHO, Respondent, v. TWIN FALLS NATIONAL BANK, a Corporation, Appellant.

[299 Pac. 662.]

James R. Bothwell and W. Orr Chapman, for Appellant.

Sweeley & Sweeley, for Respondent.

GIVENS, J.— Respondent school district sued in conversion to recover from appellant bank $205 paid the bank by the treasurer of Twin Falls county, as treasurer of the district, on a warrant issued by the auditor of the county to the bank, alleging that no order for the warrant, as required by C. S., sec. 911, had ever been issued by the district, and that there was no valid debt supporting the warrant.

The bank denied the above allegations, but introduced no evidence.

Appellant demurred to the complaint on the grounds that the complaint failed to state a cause of action; misjoinder of parties; and uncertainty, ambiguity and unintelligibility as to who the officers of respondent district were, the allegations concerning the warrant, and how the money, recovery for which is sought, was obtained by appellant.

The demurrer did not contest as uncertain, etc., the allegations that no order was issued, and no debt was

owing from respondent to appellant. These allegations, though perhaps not as definite as they might have been, were sufficient to state a cause of action; there was no misjoinder of parties, and the uncertainty as to the allegation anent the warrant, if any, is immaterial as to the action for conversion plead. (*Crews v. Baird,* 2 Ida. (Hasb.) 103, 6 Pac. 116.)

Otherwise the appeal rests on the asserted insufficiency of the evidence, and lack of liability of the bank under the circumstances disclosed by the record.

An order by the district, countersigned by the county school superintendent, directed to the county auditor, is an absolute prerequisite to the issuance by the county auditor of a warrant on the county treasurer, to be charged against the funds of the district (C. S., secs. 911, 913, 914), because the order is the only instrumentality specified by the statutes whereby the district indicates what charge is to be made against it, and authorizing the payment of its funds. The county auditor, without an order, could not know what charge to make, and would have no authority to issue a warrant against the school district funds. The statute specifying the procedural method must be followed, and the warrant issued to the payee in the order. (*State v. Title Guaranty & Surety Co.,* 27 Ida. 752, at 763, 152 Pac. 189, at 192; *Evans v. Swendsen,* 34 Ida. 290, 200 Pac. 136; *Sharp v. Brown,* 38 Ida. 136, 221 Pac. 139.)

Respondent in support of its allegation that no order for this $205 had been issued, produced the county auditor, who testified that he had issued the warrant on three orders, the amounts thereof as specified on the warrant: School District No. 8, $110; No. 27, $205; and No. 62, $240. He was not asked on direct or cross examination whether any of the orders for which he issued the warrants was an order drawn by respondent. This indefiniteness justified the trial court in doubting whether the auditor had an order issued by respondent, and in concluding from the balance of the testimony outlined below, that respondent had issued no such order.

672

██ The chairman and clerk of the respondent's board of trustees during the period the warrant was issued March, 1929, testified no order for $205 had been issued. They produced the only record the district had of such transactions, furnished by the county school superintendent. This book contained on. printed forms, a carbon copy of each order issued, and showed no copy of any such order. Objection was made that this book was not the best evidence. Appellant, however, did not specify that it was not the best evidence of the order, and certainly it was the best evidence the officers said they had of what they contended, namely, that no order was issued.

Testimony of this nature, to prove a negative, is positive evidence of the nonexistence of the disputed subject matter, and is admissible. (*Fleenor v. Oregon Short Line R. R. Co.,* 16 Ida. 781, at 795, 102 Pac. 897, at 901; *Jakeman v. Oregon Short Line R. R. Co.,* 43 Ida. 505, 256 Pac. 88; *Kerby v. Oregon Short Line R. R. Co.,* 45 Ida. 636, at 647, 264 Pac. 377, at 380.)

The auditor did not say he had an order of respondent district, and the officers of the district stated no such order as specified in the warrant was issued, and produced the only record it is shown they had, which record disclosed no order. Appellant did not ask for any other record, and has not pointed out what other record there might be. There was therefore a *prima facie* showing that no order was issued.

██ Appellant urges, however, that since under C. S., sec. 914, the auditor is required to return these orders to the districts, and it will be presumed a public officer does his duty (*Dement v. City of Caldwell,* 22 Ida. 62, 125 Pac. 200; *American Fruit Growers, Inc., v. Walmstad,* 44 Ida. 786, 260 Pac. 168; *Adams County v. First Nat. Bank of Council,* 47 Ida. 89, 272 Pac. 699; *McCall v. First Nat. Bank,* 47 Ida. 519, 277. Pac. 562), the district must have the order, and should have produced it or be held to the consequences of nonproduction. Such position is untenable for three reasons: First, the auditor never testified he had an order of re-

spondent district, and he could not return what he never had; he could not be presumed to have returned to respondent what never existed, and no other contingency is suggested. Second, appellant never asked for or demanded the order of respondent or its witness. Third, to avail appellant of the presumption that the auditor returned the order to respondent, we must further presume that having it, and not producing it, the order was injurious to respondent's contention, on the theory that the failure of a party to produce evidence available to it, raises the presumption that such evidence would be unfavorable. (*Vollmer v. Vollmer,* 46 Ida. 97, 266 Pac. 677; *Garrett v. Neitzel,* 48 Ida. 727, 285 Pac. 472.) But this would be basing a presumption on a presumption, which may not be done. (*Johnson v. Richards,* 50 Ida. 150, 294 Pac. 507, at 512.)

The result of the above analysis is that the trial court was justified in finding that no order, as a requisite basis for the warrant paid appellant, had ever been issued; thus appellant has respondent's money without lawful authority.

Judgment affirmed. Costs to respondent.

Budge, Varian and McNaughton, JJ., and Sutphen, D. J., concur.